FILED
LOGGED
ENTERED
RECEIVED
MAY 16 2013
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

Case No. 12-po-12851

EARL PRIOLEAU

Defendant

************

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on the Defense Amended Pre-Trial Motions filed on March 11, 2013, ECF No. 21 (the "Motion"), and the Government's Motion to Strike and Response to Defendant's Motion to Suppress Search and Seizure filed on May 14, 2013. ECF No. 22. On February 22, 2013, the Court denied the Defendant's original Motion to Suppress, finding that it lacked sufficient specificity upon which to rule or to order that an evidentiary hearing be held. *See* Order of Court dated February 22, 2013. In his pending Motion, the Defendant moves to suppress "all evidence including, but not limited to, the breath tests, the stop of his vehicle, the standardized field sobriety tests, any alleged refusal to perform a standardized field sobriety test, any and all statements attributed to him and observations made of him". *See* ECF No. 21 at 3. The only factual issue raised in the Defendant's Motion involves the speed of the vehicle the Defendant was driving. The Government alleges that the Defendant was driving 85 miles per hour in a 55 mile per hour zone, and that this was the basis for the stop. The Defendant proffers that a passenger in the vehicle states that the Defendant was not driving at the

rate of 83 miles per hour.[1]  Therefore, the Defendant has raised a specific factual issue regarding the basis for the stop of the vehicle, and the Court will hold a hearing on that issue.  The Defendant has not raised specific factual issues to support suppression of the other matters he raises in the Motion.  The Defendant cites possible reasons for his allegedly poor performance on field sobriety tests and which might have affected the results of the preliminary breath test and the ultimate breath test.  Those reasons do not, however, raise a dispute of fact requiring a hearing.  Unlike the evidence of the speed of the vehicle, the Defendant is not proffering evidence to rebut the evidence proffered by the Government.  Rather, the Defendant is merely giving possible reasons for the evidence the Government is proffering.  Therefore, for the same reasons stated in its February 22, 2013 Order of Court, the Defendant's Motion is **DENIED**, except that the Court will conduct a hearing on the Defendant's argument that the arresting officer lacked probable cause to stop his vehicle.

*[signature]*

Thomas M. DiGirolamo
United States Magistrate Judge

CC:  Hollis R. Weisman, AUSA

Christopher Flohr, Esq.

---

[1] The Court notes that the violation notice indicates a speed of 83 mph in a 55 mph zone.